## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BECKER SALTOS CHIGUANO, | : | Civil No. 1:24-CV-02210 |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | |
| | : | |
| CRAIG LOWE, *et al.*, | : | |
| | : | |
| Respondents. | : | Judge Jennifer P. Wilson |

## <u>MEMORANDUM</u>

Before the court is the report and recommendation of Chief Magistrate Judge Daryl F. Bloom recommending that the court grant Petitioner Becker Saltos Chiguano's second motion to enforce and hold a new individualized bond hearing no later than thirty days from this court's order on the report and recommendation. (Doc. 20.)  Respondents object to the report and recommendation on three grounds: (1) the immigration court did conduct an individualized bond hearing; (2) Chiguano is required to exhaust his administrative remedies; and (3) any further bond hearing should be before the immigration court, not this court.  (Docs. 21, 22.)  For the reasons that follow, the court will adopt the report and recommendation, grant Chiguano's motion to enforce, and hold a new bond hearing before the undersigned.

**STANDARD OF REVIEW**

## A. Review of a Magistrate Judge's report and recommendation

When a party specifically objects to a magistrate judge's report and recommendation, the district court is required to conduct a de novo review of the contested portions of the report and recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989). The district court may accept, reject, or modify the magistrate judge's report and recommendation in whole or in part. 28 U.S.C. § 636(b)(1). The district court may also receive further evidence or recommit the matter to the magistrate judge with further instructions. *Id.* "Although the standard is de novo, the extent of review is committed to the sound discretion of the district judge, and the court may rely on the recommendations of the magistrate judge to the extent it deems proper." *Weidman v. Colvin*, 164 F. Supp. 3d 650, 653 (M.D. Pa. 2015) (citing *Rieder v. Apfel*, 115 F. Supp. 2d 496, 499 (M.D. Pa. 2000)).

When a party raises only general objections to a report and recommendation, a district court is not required to conduct a de novo review of the report and recommendation. *Goney v. Clark*, 749 F.2d 5, 6–7 (3d Cir. 1984). "To obtain de novo determination of a magistrate's findings by a district court, 28 U.S.C. § 636(b)(1) requires both timely and specific objections to the report." *Id.* at 6. Thus, when reviewing general objections to a report and recommendation, the

court's review is limited "to ascertaining whether there is 'clear error' or 'manifest injustice'" on the face of the record. *Boomer v. Lewis*, No. 3:06-CV-00850, 2009 WL 2900778, at *1 (M.D. Pa. Sept. 9, 2009).

Finally, for the uncontested portions of the report and recommendation, the court affords "reasoned consideration" before adopting it as the decision of this court. *EEOC v. City of Long Branch*, 866 F.3d 93, 100 (3d Cir. 2017) (quoting *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987)).

## DISCUSSION[1]

### A. The court adopts the unobjected to portions of the report and recommendation.

In Sections I and II(b) of the report and recommendation, Chief Judge Bloom details the factual background and procedural history of this case, as well as the standard of review for bond hearing requirements in this context. (Doc. 20, pp. 1–10, 11–13.)[2] No party objects to these sections of the report and recommendation. Thus, following an independent review of Sections I and II(b), and affording "reasoned consideration" to these portions of the report, *City of Long Branch*, 866 F.3d at 100 (quoting *Henderson*, 812 F.2d at 879), to "satisfy [the court] that there is no clear error on the face of the record," Fed. R. Civ. P. 72(b),

---

[1] Because the court is writing for the benefit of the parties, only the necessary information in included in this memorandum. For a more fulsome discussion on the facts and issues in this case, the court refers to the report and recommendation. (Doc. 20.)

[2] For ease of reference, the court uses the page numbers from the CM/ECF header.

advisory committee notes, the court finds that Chief Judge Bloom's analysis is well-reasoned and fully supported by the record and applicable law.

### B. The court adopts the recommendation regarding exhaustion of administrative remedies.

In Section II(a) of the report and recommendation, Chief Judge Bloom sets forth the standard for when a district court may review a decision by an immigration judge ("IJ"), specifically, when it "arises pursuant to alleged noncompliance with a writ of habeas corpus." (Doc. 20, p. 10.) The report then states: "As to exhaustion of administrative remedies, the court reiterates here our conclusions in our initial report and recommendation and again concludes that justice is not served by enforcing that prudential requirement here." (*Id.* at 11.) Previously, on June 10, 2025, Chief Judge Bloom issued a report and recommendation that, among other things, provided an analysis of whether exhaustion of administrative remedies was required in this case. (Doc. 12, pp. 7–10.) He concluded that "neither the underlying goals of the exhaustion requirement nor the writ we granted would be meaningfully served by enforcement of the rule in this case." (*Id.* at 9.) The parties had an opportunity to object to the June 10th report and recommendation, but declined to do so. Thus, the court adopted the report and recommendation on June 27, 2025, granted the first motion to enforce, and ordered that a new individualized bond hearing be held before an IJ. (Doc. 13.)

4

Now, for the first time, the Government objects to the recommendation that "justice is not served by enforcing that prudential requirement." (Doc. 22, pp. 9–12.)  The Government submits that Chiguano must exhaust his administrative remedies before asking this court to review an IJ's bond determination. (*Id.* at 9.) In making this argument, the Government does not argue that Chief Judge Bloom's analysis is incorrect. (*See id.* at 9–12.)  Rather, the Government expresses disagreement with the conclusions in the report. (*See id.*)

In opposition, Chiguano argues that the Government waived this issue by failing to object to the June 10th report and recommendation. (Doc. 23, pp. 10–13.) Additionally, Chiguano submits that Chief Judge Bloom's conclusion regarding the exhaustion requirement is now law of the case. (*Id.*)

The court will overrule the Government's objection for three reasons.  First, the court agrees with Chiguano that the Government waived its objection to the exhaustion issue by failing to object to the June 10th report and recommendation. *See City of Long Branch*, 866 F.3d at 99 ("[A] party's failure to object to a magistrate's ruling waives the party's objection.")  Second, because the court adopted the June 10th report and recommendation, the court's finding on exhaustion is now law of the case.  *See Hayman Cash Register Co. v. Sarokin*, 669 F.2d 162, 165 (3d Cir. 1982) ("Under the law of the case doctrine, once an issue is decided, it will not be relitigated in the same case, except in unusual

circumstances.")  The Government has not presented any unusual circumstances here that warrant revisiting this issue.  And third, while the Government provides numerous legal authorities in support of its argument that Chiguano should be required to exhaust his administrative remedies, the Government merely expresses disagreement with the report and recommendation rather than arguing that Chief Judge Bloom's analysis is legally or factually flawed.  Therefore, for all these reasons, the court will overrule this objection.

### C. The court adopts the recommendation that Chiguano's bond hearing was not sufficiently individualized.

In Section II(c) of the report and recommendation, Chief Judge Bloom concludes that the hearing conducted by the IJ was not sufficiently individualized. (Doc. 20, pp. 13–16.)  In coming to this conclusion, Chief Judge Bloom noted the "the IJ was unclear about where the burden of proof lay, apparently suggesting that both parties in this matter had a burden of proof." (*Id.* at 13.)  However, the burden lies on the Government to prove that continued detention is necessary.  (*Id.* at 14.)  Thus, the report states that the IJ committed an error by failing to clarify the appropriate burden at the hearing.  (*Id.* at 14–15.)  Furthermore, Chief Judge Bloom finds that the IJ failed to articulate a specific reason why she was denying bond to Chiguano and the reason for denying bond was ambiguous.  (*Id.* at 15–16.)

The Government objects.  In doing so, it does not dispute the facts of what occurred at the bond hearing before the IJ or the law relied upon in the report and

6

recommendation.  (Doc. 22, pp. 6–9.)  Instead, the Government seemingly

disagrees with Chief Judge Bloom's conclusions.  (*Id.*)  The Government admits

that the IJ did not "use clear language when discussing who bore the burden at the

bond hearing" and "did not give a specific reason for the denial of bond."  (*Id.* at

7.)  However, the Government submits that the IJ stated at some point during the

hearing that the Government "has shown by clear and convincing evidence that

[Chiguano] is a flight risk."  (*Id.*)  As to the reason for denial of bond, the

Government argues that the order issued following the hearing stated that

Chiguano "is a danger to the community and a flight risk."  For these reasons, the

Government submits that the hearing was individualized, and a new bond hearing

is unnecessary.

In opposition, Chiguano argues that the Government has not meaningfully

addressed the IJ's failure to articulate or apply the appropriate burden of proof nor

the failure to make the bond determination individual to Chiguano.  (Doc. 23, pp.

16–22.)

The court will overrule the Government's objection.  The Government does

not dispute Chief Judge Bloom's characterization of the IJ's unclear and

"somewhat convoluted" language (as described by the Government), nor that the IJ

failed to place specific individualized reasons on the record.  Instead, the

Government offers a different interpretation of the hearing without specifically

disputing any of the findings in the report and recommendation.  Again, mere disagreement and re-argument of the same issues heard by the Magistrate Judge does not entitle a party to de novo review.  The court finds no clear error or manifest injustice on the face of the record and will overrule the Government's objection.

### D. The court adopts the recommendation that this court should conduct a new hearing within 30 days of ruling on the report and recommendation.

Also in Section II(c) of the report, Chief Judge Bloom recommends that a new individualized bond hearing take place before this court within 30 days of the resolution of the report and recommendation.  (Doc. 20, p. 16.)  The Government objects, and submits that while a federal court can enforce its writs of habeas corpus, the immigration court is the better forum for considering bond.  (Doc. 22, pp. 12–13.)  The Government submits that "federal courts lack legal authority to issue an immigration bond."  (*Id.* at 13.)  Additionally, without citing to any legal authority, the Government submits that this court cannot enforce terms of supervision or impose bond or bail with supervision by any probation office.  (*Id.*)

Chiguano responds by arguing that a federal court has power to hold its own bond hearing as it "is a legal and logical concomitant of the court's habeas corpus jurisdiction."  (Doc. 23, pp. 22–23 (citation omitted).)  Citing to multiple cases from this District, Chiguano submits that district courts "have conducted their own

bond hearings for immigration detainees after determining that the petitioner's hearing before an immigration judge was inadequate." (*Id.* at 23.)  Thus, Chiguano concludes that this court can enforce its writ of habeas corpus and hold a bond hearing.  (*Id.*)

Following review of the case law cited by both parties, the court will overrule the Government's objection and hold a bond hearing before the undersigned.  Federal district courts have the authority to enforce writs of habeas corpus and to conduct bond proceedings in habeas corpus cases brought by immigration detainees.  *Sylvain v. U.S. Att'y Gen.*, 714 F.3d 150, 155 (3d Cir. 2013); *Leslie v. Holder*, 865 F. Supp. 2d 627, 633 (M.D. Pa. 2012).  Courts within this District have done so on many occasions after determining that the petitioner's hearing before an immigration judge was inadequate.  *See, e.g.*, *Luciano-Jimenez v. Doll*, 543 F. Supp. 3d 69 (M.D. Pa. 2021) (granting motion to enforce writ of habeas corpus and ordering a bond hearing in federal court); *Leslie*, 865 F. Supp. at 633 (ordering new bond hearing upon remand from the Third Circuit indicating such hearing was necessary); *Walker v. Lowe*, No. 15-0887, 2016 WL 4077269 (M.D. Pa. Aug. 1, 2016) (granting petition for writ of habeas corpus and setting conditions for release following a bond hearing before the district court). Following this precedent, the court will overrule the Government's objection and conduct an initialized bond hearing.

**CONCLUSION**

For the reasons stated herein, the court will overrule the Government's

objections, adopt the report and recommendation, and hold a bond hearing before

the undersigned.  An appropriate order will issue.

s/Jennifer P. Wilson
JENNIFER P. WILSON
United States District Judge
Middle District of Pennsylvania

Dated: November 14, 2025